# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE JULIO CESAR BARRERA and MARIA DE LA LUZ MORO, <br><br> Debtors. | BAP No. CO-19-048 |
| SIMON E. RODRIGUEZ, Chapter 7 Trustee, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JULIO CESAR BARRERA and MARIA DE LA LUZ MORO, <br><br> Defendants - Appellees. | Bankr. No. 16-13216 <br> Adv. No. 18-01259 <br> Chapter 7 <br><br> ORDER DENYING MOTION FOR LEAVE AND DISMISSING APPEAL |

Appellant appeals from the Bankruptcy Court's *Order Vacating Prior Order and Granting Motion for Reconsideration on Cross-Motions for Partial Summary* Judgment (the "Order"). Before the Court is the Appellant's *Motion for Leave to File Interlocutory Appeal Pursuant to 11 U.S.C. § 158(a)(3)* (the "Motion for Leave").[1] In the Motion for Leave, the Appellant contends the Order involves the following question of law as to which there is substantial ground for difference of opinion: "whether the Disputed Proceeds [are] property of the chapter 7 estate."[2] He further argues that immediate resolution of this issue would advance the ultimate termination of the litigation because, if the Order is affirmed on appeal, the Appellant would move to dismiss the adversary proceeding in its entirety, and if the ruling is

---

[1] BAP ECF No. 3.
[2] Motion for Leave at 5.

reversed on appeal, the remaining issues for a determination in the adversary proceeding could be resolved with a short evidentiary hearing.

We have considered whether leave to appeal the Order should be granted. We agree that the Order is interlocutory and conclude that leave to appeal is not warranted. Accordingly, we deny the Motion for Leave. This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[3] Leave should be granted only in exceptional cases where the appealed order or judgment involves a controlling question of law for which there is substantial ground for difference of opinion, and where the immediate resolution of the issue will materially advance termination of the litigation.[4] Appellant has the burden to show that the Order meets these standards.[5]

Although the Appellant has framed the issue on appeal as fulfilling the three prongs of the test for granting interlocutory review, we disagree with the conclusion that this issue is appropriate for review now. As we have noted, interlocutory review is reserved for those issues that present exceptional circumstances.[6] Exceptional circumstances that warrant interlocutory review include cases where prohibiting review would force an appellant to irrevocably lose an important right, and cases where an appellant will effectively be denied review if the proceeding progresses to its natural end.[7] The Appellant has not presented us with any exceptional factors that would warrant hearing this case prior to its ultimate resolution. In fact, the claims brought by

---

[3] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002, 8005; 10th Cir. BAP L.R. 8005-1.
[4] *Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 232 (10th Cir. BAP 1999).
[5] *Id.*
[6] *See In re Denton*, 236 B.R. 418, 419 (10th Cir. BAP 1999).
[7] *Fox*, 241 B.R. at 233 (citing *Denton*, 236 B.R. at 419).

the Appellant in the adversary proceeding under 11 U.S.C. § 727(a)(2)(B), (a)(3), (a)(4)(D) and (a)(5) remain unaffected by the outcome of this appeal.[8] Additionally, we note that this issue is not unreviewable, nor will the Appellant be deprived of important rights if we postpone its review until a final order in these proceedings. Accordingly, we deny the Motion for Leave and dismiss the appeal.

For the reasons stated above, it is HEREBY ORDERED:

1. The motion for leave to appeal is DENIED.

2. This Appeal is DISMISSED.

3. All deadlines previously set in this appeal are VACATED.

For the Panel

Blaine F. Bates
Clerk of Court

---

[8] Although the Appellant noted he would dismiss the adversary proceeding complaint if the Order is affirmed, without an amendment to the complaint the Appellant is not bound to such position.

3